# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACIE L. STEVENS | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:17-1724 |
| v. | : | (JUDGE MANNION) |
| NANCY A. BERRYHILL | : | |
| Defendant | : | |

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge Gerald B. Cohn ("Report"), which recommends that the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff, Tracie L. Stevens' ("Stevens") application for Social Security Disability Insurance Benefits ("DIB"), be vacated. (Doc. 15). No objections have been filed to the Report by either party. Upon review of the record in this matter, the Report will be adopted in its entirety, and the decision of the Commissioner will be vacated.

When no objections are made to the report and recommendation of a magistrate judge, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b); advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.

2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. L.R. 72.31.

On February 12, 2016, Stevens was denied DIB by an administrative law judge ("ALJ") under Title II of the Social Security Act. Stevens appeals the decision, however, arguing that the ALJ erred by not finding any of Stevens' impairments or fibromyalgia severe and by assigning little weight to the Department of Veterans Affairs' finding of service-connected disability. (Doc. 10, at 3). In considering Stevens' claims, Judge Cohn determined that the ALJ's evaluation was not supported by substantial evidence.

First, Judge Cohn evaluated Stevens' fibromyalgia and found that "the ALJ conflated the three-month durational requirement of widespread pain with the requirement of having at least 11 tender points." (Doc. 15, at 12). Also, "[c]ontrary to the ALJ's finding that evidence that other disorders were not excluded pursuant to SSR 12-2P . . . , Dr. Mian's review of medical records and analysis meets that requirement and rules out disorders explicitly enumerated in the notes of SSR 12-2P and lists several tests."

(Doc. 15, at 13). The ALJ's conclusion that fibromyalgia was not a medically determinable impairment also led the ALJ to improperly conclude that Stevens did not have a severe impairment. (Doc. 15, at 14). As such, the ALJ erred in concluding fibromyalgia was not a medically determinable impairment and by determining that Stevens did not have a severe impairment.

Accordingly, Judge Cohn recommends the decision of the Commissioner be vacated and that this case be remanded to the Commissioner to develop the record fully, conduct a new administrative hearing, and appropriately evaluate the evidence.

The court has reviewed the entire Report of Judge Cohn and agrees with the sound reasoning, which led him to his recommendation. As such, the court adopts the Report of Judge Cohn as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The Report of Judge Cohn (Doc. 15) is **ADOPTED IN ITS ENTIRETY**;

**(2)** The Commissioner's decision denying Stevens DIB is **VACATED**.

**(3)** This case is **REMANDED** to the Commissioner to develop the record fully, conduct a new administrative hearing, and

appropriately evaluate the evidence in accordance with Judge Cohn's Report.

**(4)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 21, 2019**
O:\MANNION\SHARED\ORDERS - DJ\CIVIL ORDERS\2017 ORDERS\17-1724-01.DOCX